```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LESLIE STANLEY,                                                 :
                                                                :
                                  Plaintiff,                    :
                                                                :     ORDER
                  -against-                                     :     24-CV-4665 (AYS)
                                                                :
COMMISSIONER OF THE SOCIAL SECURITY                             :
ADMINISTRATION,                                                 :
                                                                :
                                  Defendant.                    :
----------------------------------------------------------------X
```

**ANNE Y. SHIELDS, Magistrate Judge:**

Before the Court is the renewed application to proceed *in forma pauperis* filed by counsel on behalf of plaintiff Leslie Stanley ("Plaintiff") in this action against the Commissioner of the Social Security Administration ("Defendant") seeking review of the decision of the Administrative Law Judge pursuant to 42 U.S.C. § 405(g). ECF Nos. 1, 6. For the reasons that follow, Plaintiff's renewed application to proceed *in forma pauperis* is denied and Plaintiff shall pay the $405.00 filing fee within fourteen days.

To qualify for *in forma pauperis* status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). "The purpose of the statute permitting litigants to proceed IFP [*in forma pauperis*] is to insure that indigent persons have equal access to the judicial system." Davis v. NYC Dept. of Educ., 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing Gregory v. NYC Health & Hospitals Corp., 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for *in*

*forma pauperis* status is within the discretion of the district court. *Davis*, 2010 WL 3419671 at *1 (citing DiGianni v. Pearson Educ., 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010)). The court may dismiss a case brought by a plaintiff requesting to proceed *in forma pauperis* if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff did not answer most of the question on the renewed application and has written 0 in the spaces that request disclosure of the monthly amount spent on housing and utilities. See ECF No. 6, *in toto* and at ¶ 8. However, Plaintiff has included a residential address in her complaint and a telephone number in her renewed application. (ECF No. 1 at ¶ 1; ECF No. 6 at ¶ 12.) Although Plaintiff reports receiving public assistance (ECF No. 6 at ¶ 1), it also appears she is being supported by another given that she has included no expenses associated with her reported residence or utilities. Having been afforded an opportunity to do so, Plaintiff has not established that she is qualified to proceed *in forma pauperis* status. See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." (internal quotation marks omitted)). Accordingly, the renewed *in forma pauperis* application is denied.

Plaintiff shall remit the $405.00 filing fee within fourteen (14) days from the date of this order. Absent timely payment, the Court will request reassignment to a district judge and will recommend to the district judge that this case be dismissed without prejudice for failure to prosecute.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

2

would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED**.

Dated:     July 23, 2024,                                         /s/ Anne Y. Shields
           Central Islip, New York             Anne Y. Shields
                                      United States Magistrate Judge